IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:-03-CR-19-22- JRG-RSP |
| | § | |
| WENDELL GRAVES | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On July 17, 2012, the undersigned held a final hearing on the Government's petition (#1205) to revoke supervised release. The Government was represented by Assistant United States Attorney Allen Hurst. The Defendant, Wendell Graves, was represented by Ken Hawk.

Wendell Graves was sentenced on July 1, 2004, before The Honorable U.S. District Judge T. John Ward of the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of Possession with Intent to Distribute Cocaine Base, a Class B felony. This offense carried a statutory maximum imprisonment term of not more than 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of III, was 70 to 87 months. Wendell Graves was subsequently sentenced to 70 months imprisonment to be followed by a 5-year term of supervised release, subject to the standard conditions of release, plus special conditions to include: (1) the Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and the direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer, and (2) the Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his efforts to maintain lawful employment. On June 25, 2008, Wendell Graves completed his period of imprisonment and began service of the supervision term.

On November 29, 2010, it was reported to the Court that Mr. Graves had submitted a urine specimen on November 10, 2010, that was positive for marijuana. The Court took no action at the time.

On March 2, 2012, it was reported to the Court that Mr. Graves had submitted urine specimens on January 31, 2012 and February 13, 2012, that tested positive for marijuana. At that time, the Court took no action.

On July 9, 2012, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Standard:</u> The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Specifically, the Government alleges as follows: On November 16, 2010, January 31, 2012, February 13, 2012, May 4, 2012, and May 14, 2012, Wendell Graves submitted urine specimens that tested positive for marijuana.

The Court scheduled a revocation hearing for July 17, 2012. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegations as set forth above. Based on the Defendant's plea of true to the allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for four months, with no supervised release to follow

such term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of four months, with no supervised release to follow such term of imprisonment.

At the close of the July 17, 2012 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 15th day of August, 2012.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE